## In the Court of Common Pleas of Schuylkill County.

### BROCK, EMERY & CO. *v.* DRIEBELBIES.

Judgment was properly entered against a garnishee where the record showed that there was no service on the defendant, who resided out of the county, and that more than five years had elapsed since the rendition of the original judgment without revival.

**Attachment Execution with notice to Henry Sassaman, as Garnishee.**

Opinion delivered September 21, 1874, by

GREEN, J. A motion has been made to strike off the judgment entered in the above case, for irregularities appearing of record, or to open the judgment, and let the defendant into a defence. This is asked for upon the ground that the attachment in execution issued more than five years after the rendition of the original judgment, which had been revived by a *scire facias*, and that the writ was not served upon the defendant, who therefore had no opportunity of appearing in Court, and making defence to the suit.

The original judgment was rendered in 1864, and no process was issued to revive it. The attachment in execution was issued on 24th June, 1872, and the writ was served on Sassaman, the garnishee, but not upon the defendant, as to whom there was a return of *non est inventus.*

Interrogatories were filed on 21st December, 1872, to which answers were filed by the garnishee on the 4th of January, 1873. On the 27th of January following, judgment was given for the amount admitted by garnishee to be in his hands, less fifteen dollars, allowed him for attorney fees and expenses in answering the interrogotories, and the damages were assessed by the Prothonotary at $258.36. On the 11th of March following, the defendant appears and makes his motion to have the judgment either stricken off or opened. He asks that this motion be granted because the writ not having been served on him, he has had no day in Court, and that he has had no opportunity of claiming the benefit of the exemption laws of which he desires to avail himself.

Upon the argument of the case it was claimed that no judgment could be rendered against a garnishee, when the record showed that there was

uary, 1873, and it is true that the present rule was taken upon the 11th of March following, but it was asked for "for irregularities appearing upon the record," not as a notice of a claim of exemption.

The defendant having had actual personal notice, was bound to come in and make defence to the suit within the reasonable time which the law gives for that purpose. If his only defence was a claim for the benefit of exemption, he was bound to make that within a reasonable time. I think it is clear that if he negligently waits until after judgment has been rendered against the garnishee, before he moves to assert his claim, he is too late, and his opportunity is gone. The authorities upon these points are very conclusive. Swanger v. Snyder, 14 Wright, 222, Bair v. Steinman, 2 P. F. S., 423, Yost v. Heffner, 19 P. F. S., 68.

The garnishee in his answers undertook to assert the defendants claim to the benefit of the exemption. But the evidence and the answers show that this was an entirely unauthorized act. The garnishee was a mere volunteer, and the defendant certainly cannot avail himself of the unauthorized act of the garnishee to cure his own negligence.

Our attention has been directed to the decisions reported in the Leg. Int. of 29th Nov., 1872, page 381, case of Masson v. Goldstone. But this bears only upon the irregular method of entering the judgment against the garnishee for want of an appearance, and has no applicability to the present case as to the manner in which the judgment has been entered.

For these reasons the motion to open judgment or to strike it off, must be dismissed.

Rule dismissed.